UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA, <br> Plaintiff, <br> v. <br> NGUYEN, TRANG <br> Defendant. | Case No. 22-mj-71494-MAG-2  (SVK) <br><br> **DETENTION ORDER** |

This matter came on for a public detention hearing on November 23, 2022.  Defendant appeared and was represented, provisionally, by CJA counsel Bruce Funk.  AUSA Christina Liu and Pretrial Services Officer Anthony Granados also appeared.  Both parties were allowed an opportunity to call witnesses and to present evidence;  both parties presented arguments by way of proffer through counsel.

Defendant is charged with violations of 18  U.S.C. §§ 1201(a)(1) and (2) – Kidnapping. Further, as the victims include two minors, there is a rebuttable presumption of risk of flight and danger to the community.  18 U.S.C. § 3142(e)(3)(E).  A pre-bail report prepared by Pretrial Services on November 22, 2022, recommends that there are terms of release that mitigate against detention. Dkt. 6.  However, as reasoned below, the Court finds that while the proposed terms of a secured bond and location monitoring mitigate risk of flight, there are not sufficient conditions of release to mitigate Defendant's danger to any other person and the community.

The Government's proffer adopted the facts set forth in the affidavit in support of the Criminal Complaint (Dkt. 1) and additional information was proffered by both counsel at the hearing.  The Court finds that the Defendant has not rebutted the presumption of dangerousness and moreover that the Government has established by clear and convincing evidence that the Defendant poses a danger to other persons and to the community.  The circumstances leading to

Defendant's arrest, as set forth in Dkt. 1, describe a careful and deliberate plan executed by Defendant and four co-conspirators to kidnap the victims for ransom, including: travelling across country from San Jose, California to Miami, Florida, where the victims reside;  hiring two "armed guards" to assist with the kidnapping;  going to the victims' residence and forcibly removing three of the four victims, including two minors; going to the fourth victim's place of employment and forcibly removing her from that location;  threatening the fourth victim with harm to her children, two of the victims;  sending a ransom demand to another family member; and holding and threatening the victims for approximately seven hours.  Further, the foregoing scheme was carried out with firearms in the possession of three of the co-conspirators.  In light of the foregoing, the Government has demonstrated by clear and convincing evidence that Defendant has access to means to carry out an intricate and dangerous plan for money and was willing to endanger the lives of children as a means to an end and therefore poses a danger to the community.

Defense counsel argued that this was a one-time incident to recover a debt from a specific individual, the fourth victim, and that therefore supervised release, with location monitoring, would sufficiently mitigate any risk of danger, however in light of the scheme outlined above and the extremes Defendant was willing to execute, the Court is not so persuaded.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United State or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States ///

///

///

///

///

Marshal for the purpose of appearance in connect with a court proceeding.

**SO ORDERED.**

Dated: November 23, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge